PAULA K. CHILDERS, A.K.A. PAULA K. CHILDERS YANT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Childers v. Commissioner
Docket No. 5314-89
United States Tax Court
T.C. Memo 1991-232; 1991 Tax Ct. Memo LEXIS 261; 61 T.C.M. (CCH) 2701; T.C.M. (RIA) 91232; May 28, 1991, Filed *261 Decision will be entered under Rule 155. David A. Ludtke, for the petitioner. J. Anthony Hoefer, for the respondent. SHIELDS, Judge. SHIELDS
MEMORANDUM OPINION Respondent determined deficiencies in petitioner's Federal income taxes for 1980 and 1982 in the amounts of $ 1,915 and $ 42,413, respectively. After concessions the only issue is whether petitioner qualifies in 1980 for relief as an innocent spouse under section 6013(e). [1] Respondent concedes that for 1982 petitioner is entitled to such relief. This is a fully stipulated case and the parties' stipulation of facts together with the attached exhibits are incorporated herein by reference. Petitioner resided in Hastings, Nebraska, at the time she filed her petition in this case. Petitioner and her former husband, Roger Yant, filed *262 joint income tax returns for 1978 through 1982 with the Internal Revenue Service Center at Ogden, Utah. On the joint returns for 1980 and 1982, Mr. Yant claimed net operating loss deductions and an investment tax credit carryforward with respect to an S corporation, The Oak Room, Inc. (The Oak Room). In a deficiency notice mailed to petitioner and Mr. Yant on December 20, 1988, respondent determined that the net loss deductions and investment tax credits claimed by Mr. Yant on the joint returns for 1980 and 1982 were not allowable because a valid election had not been made by The Oak Room to be treated as an S corporation. The parties have stipulated that the deficiencies determined by respondent for both 1980 and 1982 were generated by the disallowance of the corporate losses and credits for 1980 and 1982 after certain adjustments for carrybacks and carryforwards to and from 1978 through 1982. The parties have also stipulated that the correct deficiency for 1982 is $ 18,254.13 and that the adjusted gross income of petitioner and her current husband, Dan Childers, for 1987 is $ 20,051. Respondent concedes that petitioner qualifies for relief from the deficiency for 1982 as an *263 innocent spouse under section 6013(e) but contends that petitioner is not entitled to such relief for 1980 because she does not satisfy the requirements of section 6013(e)(4). Specifically, respondent contends that petitioner is not an innocent spouse for 1980 because the amount of the deficiency for that year does not exceed 25 percent of the amount of adjusted gross income reported by petitioner and her present husband for 1987, the most recent taxable year of petitioner ending before the deficiency notice was mailed. Section 6013(e)(4) reads as follows: (4) UNDERSTATEMENT MUST EXCEED SPECIFIED PERCENTAGE OF SPOUSE'S INCOME. -- (A) ADJUSTED GROSS INCOME OF $ 20,000 OR LESS. -- If the adjusted gross income for the preadjustment year is $ 20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income. (B) ADJUSTED GROSS INCOME OF MORE THAN $ 20,000. -- If the spouse's adjusted gross income for the preadjustment year is more than $ 20,000, subparagraph (A) shall be applied by substituting "25 percent" for 10 percent". (C) PREADJUSTMENT YEAR. -- For purposes of this paragraph, the term "preadjustment *264 year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed. (D) COMPUTATION OF SPOUSE'S ADJUSTED GROSS INCOME. -- If the spouse is married to another spouse at the close of the preadjustment year, the spouse's adjusted gross income shall include the income of the new spouse (whether or not they file a joint return). (E) EXCEPTION FOR OMISSIONS FROM GROSS INCOME. -- This paragraph shall not apply to any liability attributable to the omission of an item from gross income.
Petitioner contends in effect (1) that the deficiencies for both 1980 and 1982 arose from a single mistake, the failure of her former husband to make a proper S corporation election for The Oak Room; and (2) that this mistake resulted in a deficiency which is spread over two taxable years through collateral adjustments caused by carrybacks and carryforwards. Therefore, petitioner argues, the computation required by section 6013(e)(4) should be applied to the aggregate of the 1980 and 1982 deficiencies, or $ 20,169.13, plus interest in each year to December 20, 1988, with the result that she would qualify as an innocent spouse in both years. To do otherwise, *265 petitioner contends, would be inequitable because she would qualify as an innocent spouse with respect to the deficiency for 1982 but would not so qualify with respect to the deficiency for 1980 even though both deficiencies stem from her ex-husband's failure to perform a single act, i.e., elect subchapter S treatment for The Oak Room. While petitioner's contention is novel, and one of first impression, it fails to take into consideration a fundamental principle of Federal income taxation which is that, with a few exceptions not applicable here, taxpayers' returns are filed, their taxable income is computed, their tax liability is imposed, and any deficiencies are determined and assessed on the basis of separate taxable years. Secs. 1, 441(a), 6011(a), 6211(a); . Therefore, each taxable year of a taxpayer constitutes a separate and distinct period and generates a separate liability. Petitioner, a calendar year taxpayer, requests that we ignore this fundamental principle and apply section 6013(e)(4) to her situation by treating her liabilities for 1980 and 1982 as a single deficiency. Such an application *266 would be contrary to the plain meaning of section 6013(e) as a whole. First, section 6013(e)(1) provides for relief for an innocent spouse of liability from income tax including any applicable interest, penalties and other amounts for a taxable year. Secondly, section 6013(e)(4), which contains the percentage of income test, refers to "the liability described in paragraph (1)," i.e., the liability for "such taxable year." Petitioner's construction of section 6013(e)(4) would apply the percentage of income test to the aggregate liability of the taxpayer for all taxable years arising from the performance or nonperformance of a single transaction. The plain language of the statute itself mandates that this construction be rejected.
We conclude, therefore, that the percentage of income test must be separately applied to petitioner's liability for 1980 and 1982. The amount of the liability for application of the test provided by section 6013(e)(4) with respect to 1980 is the sum of the tax deficiency, plus any applicable additions, and interest accrued to the date the deficiency notice was mailed. Thus, for application *267 of the test in this case, petitioner's liability for 1980 is $ 3,859.73, the sum of $ 1,915, the tax deficiency for 1980, and $ 1,944.73, the interest accrued on the deficiency through December 20, 1988, the date the deficiency notice was mailed. Since this amount is less than 25 percent of $ 20,051, the adjusted gross income of petitioner and her present husband for 1987, the last taxable year ending before the deficiency notice was mailed, petitioner is not entitled to relief as an innocent spouse for 1980. Due to concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, any section references are to the Internal Revenue Code as amended and in effect for the years in issue, and any Rule references are to the Tax Court Rules of Practice and Procedure.↩